# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DAVID W. BROWN,

                Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

                Defendant.

Case No. 14-CV-21-JED-FHM

## **REPORT AND RECOMMENDATION**

Plaintiff, David W. Brown, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## **Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's September 22, 2010, applications for disability benefits were denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held August 23, 2012. By decision dated September 27, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 20, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 50 years old on the alleged date of onset of disability and 54 on the date of the ALJ's decision. He has a ninth grade education and formerly worked as a general laborer at the heavy level of exertion and worked as a saw operator at the medium level of exertion. He claims to have been unable to work since July 1, 2008 as a result of ankle problems, osteoarthritis of the right knee, and arthritis of the right shoulder, hypertension, asthma, and depression.

## The ALJ's Decision

The ALJ determined that Plaintiff can perform the exertional requirements of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with the further limitation that he can only occasionally climb, bend, kneel, crouch, stoop, or crawl. He can occasionally push, pull, or reach overhead with the right upper extremity, and can occasionally operate foot controls with the left lower extremity. He must avoid rough uneven surfaces and exposure to heights, fast or dangerous machinery, dust, fumes, gases, and cold

2

temperatures. He is limited to simple, repetitive, and routine work, involving no more than occasional contact with the public. [R. 21].

Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the RFC is unsupported by the evidence as a whole, and the ALJ failed to sustain the Commissioner's burden at step five to show that there are jobs available that Plaintiff can perform.

## **Analysis**

### RFC Finding

Plaintiff argues that the ALJ failed to properly evaluate and consider the medical evidence. Plaintiff points to evidence that "could" support work-related limitations that are more restrictive than the limitations contained in the ALJ's RFC finding. But, to establish error on appeal, the Plaintiff must do more than show that the evidence "could" support a finding of more restrictive limitations. To establish error, the Plaintiff must show that the evidence in support of the more restrictive limitations is so overwhelming that no reasonable ALJ would fail to find the more restrictive limitations. Absent such a showing, the court is bound by the determination made by the ALJ as the finder of fact. "The findings

3

of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive [.]" 42 U.S.C. § 405(g).[2] The undersigned finds that Plaintiff has pointed out the existence of contrary evidence in the record, but not the absence of substantial evidence to support the ALJ's RFC finding.

Plaintiff's argument that he cannot do the walking required of light work due to arthritis in both ankles has no support in the record. The ALJ stated in the decision that Plaintiff had degenerative arthritis of both ankles. [R. 19]. However, the undersigned could find no support for that finding in the record. Nor does Plaintiff's brief point to any such evidence. In fact, x-rays of Plaintiff's ankle reflect no degenerative changes. [R. 357]. The physician who sent Plaintiff for x-rays noted a 1 inch round mass which was slightly tender to palpation, but recorded no swelling and full range of motion. [R. 348]. The undersigned finds that if the ALJ erred in finding that Plaintiff has "degenerative arthritis of both ankles," such error is harmless as the undersigned is confident that no reasonable administrative fact finder considering the record of Plaintiff's ankle complaints could have resolved the disability decision in any other way. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)(reversal not required where certain technical errors are minor enough not to undermine confidence in the determination of the case). No principle of administrative law or common sense requires that a case be remanded in quest for a perfect opinion, unless there is reason to believe that the remand might lead to a different result. *See Moua v. Colvin,* 541 Fed. Appx. 794, 798 (10th Cir. 2013).

---

[2] *See also Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007)(on appeal court reviews only sufficiency of evidence, not its weight); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (court may not reweigh evidence and displace agency choice between two fairly conflicting views, discussing meaning of substantial evidence); *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (evidence is insubstantial if it is overwhelmingly contradicted by other evidence).

Plaintiff asserts that the evidence demonstrates he is incapable of doing the walking and standing required for light work. The ALJ accurately summarized the record, including the consultative examiner's November 2010 observation that Plaintiff's gait was unsteady and slow, favoring the left leg. [R. 23, 276]. In contrast to that observation, the ALJ also noted the December 2008 x-ray of Plaintiff's right knee that showed mild to moderate osteoarthritis, [R. 233], and the August 2012 physical examination findings of no obvious muscle weakness, instability or abnormal gait. [R. 22, 341]. An examination performed in December 2011 also reflected a normal gait. [R. 248]. The ALJ also relied on the opinions of the Disability Determination Services (DDS) consultants who reviewed Plaintiff's medical records and concluded he could perform a restricted range of light work. [R. 24, 306, 312, 338]. Although the ALJ is not bound by the findings made by the DDS consultants, the regulations instruct that these consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence. 20 C.F.R. § 404.1527(f)(2)(i); 20 C.F.R. § 416.927(f)(2)(i).

Plaintiff argues that the ALJ erred by failing to include limitations for reaching forward. He states that the consultative examiner's range of motion measurements support a restriction on forward reaching. [Dkt. 16, p. 6]. The undersigned finds that the ALJ's RFC restriction of occasional pushing, pulling, or overhead reaching with the right arm takes into account the consultative examiner's range of motion findings of right shoulder abduction in supination of 110 degrees (150 is normal) and right forward elevation of 100 degrees (150 is normal), [R. 278], and Plaintiff's testimony that he can reach overhead, but not hold his hands up all the time, [R. 50]. The undersigned finds that the ALJ's reaching restriction is supported by substantial evidence.

Plaintiff argues that the ALJ erred in giving great weight to the opinion of Dr. Morgan, the psychological consultative examiner. In his report, Dr. Morgan addressed whether Plaintiff met the criteria for a depressive disorder, bipolar disorder, an anxiety disorder, and personality disorder. [R. 284]. Dr. Morgan's report stated Plaintiff did not meet the criteria for bipolar disorder due to the presence of alcohol dependence. [R. 284]. According to Plaintiff, this comment undermines Dr. Morgan's opinions because use of alcohol is a symptom of bipolar disorder. [Dkt. 16, p. 6].

Regardless of whether Dr. Morgan is right or wrong about his understanding of the criteria for diagnosing bipolar disorder, the record contains no indication from Plaintiff or any of his health care providers that Plaintiff suffers from bipolar disorder. Furthermore, the focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). The work-related functional consequences of Plaintiff's mental impairments were assessed by the DDS consultant, Elizabeth Michalec, Ph.D., who upon reviewing Plaintiff's records opined that if Plaintiff remains treatment compliant he is capable of understanding and remembering basic tasks; carrying out simple and complex

6

tasks; maintaining concentration for routine, uncomplicated tasks; relating adequately to supervisors and co-workers; and adapting to simple changes and avoiding workplace hazards. [R. 289]. The ALJ incorporated Dr. Michalec's opinion into the RFC finding which limited Plaintiff to simple, repetitive and routine work involving no more than occasional contact with the public. [R. 21].

Plaintiff asserts that Dr. Michalec's opinion, issued in March 2011, does not consider the later medical evidence including that the medications helped but caused jerking and tremors. The undersigned observes that the medical records note that Plaintiff related the medications were working alright, his moods were generally good and stable, his sleep and appetite were good. He has side effects of an intermittent tremor of the hands and his "legs jerk at night." [R. 343]. The medical care provider stated, "He said these are not big thing and wants to keep meds as they are." [R. 343]. The ALJ's decision demonstrates that he considered these records, gave great weight to them, and found them consistent with the report of Dr. Morgan. [R. 23]. The undersigned finds no error in the ALJ's reliance on Dr. Morgan's report.

Plaintiff argues error because "it appears the ALJ erroneously relied on Dr. Morgan's estimated GAF of 66-70." [Dkt. 16, p. 7].[3] Standing alone, a GAF score does not determine disability, but is merely a piece of evidence to be considered with the rest of the

---

[3] The Global Assessment of Functioning (GAF) score is a subjective rating on a one hundred point scale, divided into ten numerical ranges. The GAF permits clinicians to assign a single ranged score to a person's psychological, social, and occupational functioning. *See American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders,* 32, 34 (Text Revision 4th ed.2000)("DSM-IV-TR). The DSM-IV-TR instructs that the GAF scale has two components: the first part covering symptom severity, and the second part covers functioning. If either the symptom severity or the level of functioning falls within the range, a GAF within that range should be assigned. And, where the symptom severity and level of functioning are discordant, the GAF rating should reflect the worse of the two. *Id.* at 32-33.

record. The Tenth Circuit has explained that while it is not necessary for the ALJ to specifically mention or adopt every GAF score in his decision, the GAF constitutes a piece of evidence to be considered. See Luttrell v. Astrue, 453 Fed.Appx 786, 791–92 (10th Cir.2011), Butler v. Astrue, 412 Fed.Appx 144, 147 (10th Cir.2011), Holcomb v. Astrue, 389 Fed.Appx. 757, 759 (10th Cir.2010)(GAF scores taken alone do not establish an impairment serious enough to preclude an ability to work and when the scores are the opinion of providers who are not acceptable medical sources, they cannot by themselves establish a medically determinable impairment, constitute a medical opinion, or be considered the opinions of a treating source). The undersigned finds that the ALJ's mention of Plaintiff's GAF score was appropriate.

Plaintiff argues that the ALJ erred in finding that his asthma/COPD was not as severe as alleged because Plaintiff continues to smoke despite his doctors telling him to stop. The undersigned finds that smoking was not the sole reason for discounting Plaintiff's allegation he could not work because of asthma/COPD. In summarizing the record, the ALJ noted instances in the record documenting clear lungs and no wheezing. [R. 22, 23]. Further, the ALJ did account for Plaintiff's breathing difficulties as the RFC included the limitations of avoiding dust, fumes, gases, and cold temperatures. [R. 21].

The undersigned finds that the ALJ's RFC finding is supported by substantial evidence.

Step 5 Finding

Plaintiff argues that he is limited to sedentary work, and for one of his age (50), education, and work experience, the Vocational-Medical Guidelines (Grids)[4] direct a finding of disabled. Plaintiff is not, however, limited to sedentary work. Rule 202.10 applies to one in the age group from 50-54, with a limited education, and no transferable skills who is limited to light work. Rule 202.10 directs a finding of not disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2. The undersigned finds that the Grids do not direct a finding of disabled for Plaintiff.

Plaintiff argues that the ALJ erred in relying on the testimony of the vocational expert. According to Plaintiff, the jobs of cafeteria attendant (DOT 311.677-010) and small products assembler (DOT 706.684-022) identified by the vocational expert are inconsistent with the ALJ's RFC finding restricting right overhead reaching to occasional because those jobs require the ability to reach frequently (1/3 to 2/3 of an 8 hour workday). According to Plaintiff, since the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993) (SCO) defines reaching as extending hands and arms in any direction, jobs which require frequent reaching are precluded by an RFC limitation of occasional overhead reaching. The undersigned rejects this argument.

The *Dictionary of Occupational Titles* (DOT) and SCO do not break down reaching requirements to overhead, or otherwise. Therefore a job that requires even constant

---

[4] The Grids are matrices of four factors– physical ability, age, education, and work experience. The Grids set forth rules that identify whether jobs requiring specific combinations of those factors exist in significant numbers in the national economy. *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting *Heckler v. Campbell,* 461 U.S. 458, 461-62, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). When all factors coincide with the criteria of a Grid Rule, then the ALJ can rely on the Rule to establish the existence of jobs at step five of the evaluative sequence. 20 C.F.R. Pt. 404, Subpt. P. App. 2, 200(b).

9

reaching may never require overhead reaching. It is also possible that the reaching required may be entirely overhead reaching. The DOT simply does not provide that level of detail for reaching. Therefore, it cannot be said that the vocational expert's testimony in this case conflicts with the DOT. Rather, the vocational expert's testimony served to clarify how the broad DOT categorizations apply to the specifics of this particular case. *See Segovia v. Astrue*, 226 Fed.Appx. 801, 804 (10th Cir. 2007)(finding no error in ALJ reliance on vocational expert's identification of jobs despite overhead reaching restriction). Further, the ALJ inquired of the vocational expert whether his testimony was consistent with the DOT and the vocational expert testified that it was consistent. [R. 70].

Plaintiff argues that the job of small products assembler is precluded by the RFC because the RFC included the limitation of avoiding fast or dangerous machinery which Plaintiff asserts is present in that job. There is no merit to this contention. The DOT description for small products assembler, DOT 706.684-022, specifies that exposure to moving mechanical parts is not part of the job. 1991 WL 679050.

## **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written

objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before June 22, 2015.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 8th day of June, 2015.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE