**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID W. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-CV-21-JED-FHM |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the Report & Recommendation (R&R) (Doc. 23) of United States Magistrate Judge Frank H. McCarthy on review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying the plaintiff, David W. Brown, disability benefits. Judge McCarthy recommends that the Commissioner's decision denying benefits be affirmed. Mr. Brown filed objections to the R&R, and he requests that the Court "reverse and/or remand" this matter. (Doc. 24). The Court has reviewed the record and the objections, de novo.

**I.  Background**

Plaintiff applied for benefits under Titles II and XVI on August 26, 2010, alleging disability onset date of July 1, 2008. The claims were denied on April 4, 2011 and upon reconsideration on October 4, 2011. On August 23, 2012, the Administrative Law Judge (ALJ) conducted a hearing. On September 27, 2012, the ALJ issued a decision denying disability benefits after finding the plaintiff not disabled. (Doc. 13, R. 14-30). The ALJ found that plaintiff met insured status through September 30, 2010 and had not engaged in substantial gainful activity since the alleged onset date. (R. 19).

The ALJ found several severe impairments: degenerative arthritis of both ankles; osteoarthritis of the right knee; arthritis of the right shoulder; hypertension; asthma; and alcohol dependence in early full remission. (*Id.*).  However, the ALJ found that plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of a listed impairment. (*Id.* at 19-20). After considering the record, the ALJ found that plaintiff has the residual functional capacity (RFC) to perform light work, with the additional limitations that he (1) can occasionally "climb, bend, kneel, crouch, stoop or crawl," "push, pull or reach overhead with the right upper extremity," and "operate foot controls with the left lower extremity," (2) must avoid "rough, uneven surfaces," "exposure to heights, fast or dangerous machinery, dust, fumes and gases," and "cold temperatures," and (3) is "limited to simple, repetitive and routine work involving no more than occasional contact with the public." (*Id.* at 22).

The plaintiff had previously worked as a roustabout, a general laborer, and a saw operator.  The ALJ found that plaintiff is unable to perform any past relevant work because the exertional requirements of the past work are precluded by plaintiff's RFC. (*Id.* at 24).  The ALJ determined that there are a significant number of jobs in the national economy that the plaintiff can perform, including cafeteria attendant, small products assembler, clerical mailer, and table worker. (*Id.* at 25-26).  The case was hence decided at step five of the evaluative process, with the ALJ finding that plaintiff is not disabled. (*Id.* at 26).

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

The Court's task of reviewing the Commissioner's decision is limited to a determination of "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "It is 'more than a scintilla, but less than a preponderance.'" *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castas v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

### III. Discussion

#### A. Step five burden

Plaintiff first argues that Judge McCarthy erred by ignoring the burden shift to the Commissioner at step five, which impacted his assessment of alleged errors by the ALJ. (Doc. 24 at 1). It is well-settled that, where a claimant meets his burden of establishing a prima facie case of disability through step four, "the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given her age, education, and work experience." *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005) (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

Contrary to plaintiff's argument that Judge McCarthy "ignored" the burden shift at step five, the burden shift was referenced in Judge McCarthy's summary of plaintiff's allegations (Doc. 23 at 3). Moreover, the R&R correctly discussed the specific evidence relating to the ALJ's findings at step five, including medical records and the vocational expert's testimony. (*Id.* at 9). In any event, the Court is not required to reject the R&R simply because Judge McCarthy

did not re-state every burden associated with the five step process. The record is clear, and Judge McCarthy properly applied the law regarding step five, as is evidenced by his statements in the R&R. (*See id.* at 9-10).

Moreover, the ALJ's decision correctly recited that, at step five, the Commissioner "is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the [plaintiff's] residual functional capacity, age, education, and work experience." (R. 19). Plaintiff does not argue that the ALJ failed to consider the burden to be the defendant's, and it is clear that the ALJ did impose the burden on the defendant at step five. Plaintiff's objection regarding the burden at step five is overruled.

### B. RFC and Job-Related Findings

Plaintiff argues that the ALJ's RFC finding is "flawed as the ALJ failed to account for his own findings that Plaintiff has degenerative arthritis in both ankles that the ALJ found to be 'severe.'" (Doc. 24 at 1). He further argues that Judge McCarthy improperly upheld the ALJ's RFC finding and substituted his own opinion for that ALJ's on ankle arthritis. (*Id.*). According to the plaintiff, "another ALJ would likely have limited Plaintiff to 'sedentary' work rather than 'light' work." (*Id.* at 2). The Court has reviewed the record, the ALJ's findings regarding arthritis, and the medical evidence of Mr. Brown's ankle and joint pain, and determines that the ALJ's RFC finding that plaintiff could perform light work is supported by substantial evidence. The record was inconsistent with respect to whether plaintiff's problems were with one or both ankles (*e.g. compare* R. 275-277 [noting plaintiff's complaint in 2010 of moderate bilateral joint pain and unsteady gait at a slow speed, favoring left leg] *with* R. 47 [plaintiff testified in 2012 that the issue was with his left ankle and his right ankle is "okay"]). The ALJ plainly considered

plaintiff's complaints of ankle pain in determining the RFC, and found that plaintiff's statements concerning the "intensity, persistence and limiting effects of these symptoms" were lacking in credibility to the extent that they conflicted with the medical record. (*See* R. 21-22). Also, the physicians who rendered opinions determined that plaintiff can perform light work activity, which supports the ALJ's RFC determination. (R. 305-312; R. 338 [affirming findings in R. 305-312]).

Plaintiff also argues that the RFC determination was in error because two of the jobs identified by the vocational expert – cafeteria attendant and small products assembler – require frequent reaching, which plaintiff contends to be inconsistent with the ALJ's RFC limitation of occasionally pushing, pulling, or reaching overhead with the right upper extremity. (Doc. 24 at 4-5; *see* R. 21). The Court agrees with Judge McCarthy that the ALJ's RFC with respect to reaching is supported by substantial record evidence, particularly plaintiff's testimony that he can reach overhead but not hold his hands up all the time (R. 50) and with the consultative examiner's findings with respect to the right upper extremity. (*See* Doc. 23 at 5). The Court also agrees with Judge McCarthy's analysis with respect to the lack of specificity in reaching requirements in the Dictionary of Occupational Titles (DOT) and the Selected Characteristics of Occupations Defined in the Revised DOT. (*See* Doc. 23 at 9-10).

The plaintiff correctly notes that, had the ALJ found him limited to sedentary work, he would have been considered disabled under the Medical-Vocational Guidelines when he turned 50. He then argues that the ALJ should not have relied on any sedentary job to find him not disabled at the fifth step. Plaintiff was *not* limited to sedentary work, but was limited to light work, and the vocational expert testified that the other jobs he identified, which were light

exertion jobs, existed in sufficient numbers to support the ALJ's determination of no disability. Plaintiff's argument on this point is without merit.

Plaintiff also argues that the ALJ should not have relied upon the small products assembler job because the ALJ's RFC requires that plaintiff avoid "fast or dangerous machinery" and the DOT description of that job requires the use of machinery. (*See* R. 21; Doc. 24 at 5). The Court agrees with Judge McCarthy's analysis, because the job does not involve "moving mech. parts." *See* DOT 706.684-022, 1991 WL 679050.

Plaintiff further contends that the ALJ did not include "all the limitations opined by Dr. Morgan" or "suggested by Dr. Morgan's examination." (Doc. 24 at 3). Specifically, plaintiff contends that the ALJ should have included additional "limitations" based upon Dr. Morgan's findings that plaintiff reported being on edge, concentration problems, psychomotor retardation, dysphoria, and decreased motivation. (*Id.*; *see also* R. 284). Dr. Morgan reported all of those as symptoms reported by plaintiff; he did not opine that they were "limitations." (R. 284). The ALJ accurately summarized Dr. Morgan's findings and did take into account reported concentration and other problems. (*See* R. 23-24). The Court finds no error in the ALJ's treatment of Dr. Morgan's examination findings or the ALJ's RFC findings.

### C.     Breathing Issues

Plaintiff next challenges the ALJ's determination that plaintiff's "allegations that he cannot work because of asthma are not entirely credible." (R. 22; Doc. 24 at 4). Specifically, plaintiff disputes that he continued smoking, which the ALJ cited in part as evidence that plaintiff's breathing difficulties could not be that severe if he continued to smoke. (*See* R. 22; Doc. 24 at 4). The ALJ's decision regarding plaintiff's breathing difficulties is supported by substantial record evidence. The ALJ properly examined plaintiff's medical records relating to

the breathing issues (*see* R. 22), and did take into account breathing problems in the ALJ's RFC findings, which included limitations that plaintiff must avoid exposure to dust, fumes, and gases (R. 21).  The Court finds no error on this issue.

**IV.     Conclusion**

Having found no reversible error in the ALJ's decision, upon concluding that the ALJ applied the correct legal standards and his decision is supported by substantial record evidence, and agreeing with Judge McCarthy's R&R, the Court overrules plaintiff's objections (Doc. 24). Accordingly, the Court **accepts** the R&R (Doc. 23) and the recommendation that the Commissioner's decision to deny plaintiff disability benefits be affirmed.  Accordingly, the Commissioner's decision is **affirmed**.

A separate Judgment will be entered forthwith.

DATED this 25th day of April, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE